UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-10034-LEIBOWITZ

UNITED STATES OF AMERICA,

v.

LUIS ARNULFO OCAMPO MARTINEZ,

   Defendant.

_____/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINE***

The Defendant, Luis Arnulfo Ocampo Martinez, through undersigned counsel hereby files this Response to the Motions *in Limine* filed by the Government. (DE 31.) Each of the Government's motions lack merit, should be denied, and are discussed in turn below. beginning with the Government's motions to admit evidence.

## I. MOTIONS TO ADMIT

### A. A-File and ELIS Documents

The Government first seeks a broad, peremptory ruling "admit[ting] documents from the Defendant's A-File and ELIS [Electronic Immigration System]."[1] (DE 31 at 9.) It contends that the "Eleventh Circuit has held that documents kept in an A-file do not violate a defendant's rights under the Confrontation Clause because they are routinely prepared by the immigration authorities and not in preparation for trial." (DE 31 at 10 (citing *United States v. Carabello*, 595 F.3d 1214, 1226 (11th

---

[1] The Government similarly moves *in limine* for admission of "documents from the purported minor brother's A-File." (DE 31 at 12.) As that motion implicates essentially the same issues as the one pertaining to Mr. Ocampo Martinez's A-File, he addresses them together here.

Cir. 2010).) But a closer look at the case law cited by the Government reveals that this is a significant overstatement.

In *Carabello*, the district court had granted in part and denied in part an alien smuggling defendant's motion to exclude the A-Files of the aliens he smuggled. 595 F.3d at 1219. Rather than finding A-Files generally admissible, to the contrary, it ruled "[t]o the extent the 'A–Files' include testimonial statements, such statements are **inadmissible**." *Id.* at 1219 (emphasis added).[2] It was only "the standard pedigree information contained in the A–Files" that "would not violate the Confrontation Clause because it was not testimonial in nature." *Id.* Notably, the "government [had] offered at trial **only** the biographical portion of the I–213 forms of the aliens." *Id.* at 1220 (emphasis added). This is the decision and principle the Eleventh Circuit affirmed in *Carabello*, not a broad rule that documents kept in A-Files do not violate the Confrontation Clause. And this is presumably why the Government's parenthetical cites *Carabello* as "affirming the admissibility of the biographical data **portions** of I-213 forms." (DE 31 at 10 (emphasis added.)

Similarly, as to hearsay, the Government contends that "[t]he Court should admit these A-File documents as 'public records' under Federal Rule of Evidence 803(8)." (DE 31 at 10.) It cites another Eleventh Circuit case for the proposition that "admission of routinely and mechanically kept I.N.S. records, such as the I-194 form and warrants of deportation, does not violate Rule 803(8)(B)." (DE 31 at 10 (quoting

---

[2] A Border Patrol officer had testified at trial and explained that an A-File "generally contains an I-213 form which records the alien's basic biographical information" as well as "any other immigration documents pertinent to the alien." *Id.* at 1220.

*United States v. Agustino-Hernandez*, 14 F.3d 42, 43 (11th Cir. 1994).) But again, as is clear from the quote in the Government's own parenthetical, that holding applied only to "mechanically kept" immigration records – not all documents in an A-File. As the *Agustino-Hernandez* court observed, although "the public records exception does not exclude police records 'prepared in a routine non-adversarial setting,'" it **does** exclude "those resulting from a more subjective investigation and evaluation of a crime." *Id.* (citing *United States v. Brown*, 9 F.3d 907, 911 (11th Cir. 1993)).[3]

It may well be that once the Government gets its proposed exhibits into final form, they will comprise only admissible portions of A-File documents. To the extent that is the case, Mr. Ocampo Martinez may be in a position to stipulate to the admission of certain exhibits. Or if Mr. Ocampo Martinez has objections – either on the basis of Eleventh Circuit precedent or to preserve issues for purposes of further appellate review – the Court can rule on them with the benefit of having reviewed the proffered materials.[4] This is not an issue that can be decided in a vacuum, and the Court should deny the Government's motions in *limine* to admit A-File documents.

---

[3] As the Eleventh Circuit noted, Rule 803(8)(B) provides an exception to the hearsay rule for:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, ***excluding, however, in criminal cases matters observed by ... law enforcement personnel***.

*Agustino-Hernandez*, 14 F.3d at 43 & n.1 (quoting Fed. R. Crim. P. 803(8)(B) (emphasis added)).

[4] Defense counsel is always amenable to streamlining and minimizing disruptions during trial to the extent possible (while not compromising any objections that need to be made) and will work in good faith to do so. It is also worth bearing in mind that this is not expected to be a particularly lengthy or complex trial involving, say, weeks of testimony or hundreds of exhibits. As has been discussed during the various pretrial conferences, it is likely to be a one-day, or at most, two-day trial.

B. **Testimony of USCIS Officer Natalie Diaz**

The Government also seeks admission of "testimony from USCIS [U.S. Citizenship and Immigration Services] Supervisory Officer Natalie Diaz." (DE 31 at 12.) Specifically, despite "Officer Diaz [ ] not personally [being] involved with the adjudication of the Defendant's Form I-485," it seeks to elicit testimony "based on her training and experience" about "(1) the Defendant's Application to Adjust Status (Form I-485), and the submission process; (2) USCIS regulations, statutes, and procedures concerning immigration applications and eligibility; (3) how USCIS statutes, regulations, and procedures are applied in practice; and (4) how USCIS investigates and adjudicates immigration applications based on the information contained within those applications." (*See* DE 31 at 12-13.)

Despite the Government's contention that this is "lay opinion testimony" based on the witness's "professional experience," Officer Diaz has no personal knowledge or experience with this case, and this sounds much more like unnoticed expert testimony, to which Mr. Ocampo Martinez objects in its entirety. This issue was discussed by the Court and parties in some detail at the January 14 pretrial conference and may in many respects be largely ruled upon (it is Mr. Ocampo Martinez's understanding that, if allowed to testify, this witness will not be permitted to offer conclusions or opinions). As also discussed during the pretrial conference, however, what is good for the goose is good for the gander, and Mr. Ocampo Martinez seeks here to preserve his right to call witnesses – be they lay or expert – to rebut any testimony Officer Diaz is permitted to offer in the event she testifies at trial.

## II. MOTIONS TO EXCLUDE

### A. Evidence Related to the Alleged Victim's Prior Actions

The Government next moves to exclude (1) "evidence of an unrelated prior case involving the Victim," and (2) a series of "public media reports of unrelated incidents that might involve the victim." (DE 31 at 13-14.) Its main contention is that this evidence "involves incidents that are irrelevant to this case and are factually distinguishable." (*See* DE 31 at 15.) But this argument fails as a matter of elementary logic. That is to say, it is a classic example of *petitio principii*, or, begging the question – "a logical fallacy in which a premise is assumed to be true without warrant or in which what is to be proved is implicitly taken for granted."[5]

Take, for example, the June 2025 incident where "Canela News" video footage "depicts the Victim holding [a] woman by the wrist as he is questioning her." (DE 31 at 15.) The Government seeks to exclude any mention of that conduct because "the evidence in this [the instant] case shows that the Defendant shoved and pushed the Victim and that he bolted toward the mangroves" and "attempted to flee." (DE 31 at 15.). Thus, the Government concludes, "the offense conduct here is separate and distinguishable from the incident that was reported by Canela News." (DE 31 at 16.) In other words, its reasoning is essentially:

> Premise A:  The woman in news report did not push, shove, or attempt to flee.
> Premise B:  Mr. Ocampo Martinez did push, shove, and attempt to flee.
> Therefore:  Because Mr. Ocampo Martinez, pushed, shoved, and attempted to flee, the offense conduct here is "separate and distinguishable."

---

[5] Merriam-Webster Dictionary, at https://www.merriam- webster.com/dictionary/petitio%20principii.

But Mr. Ocampo Martinez obviously *disputes* Premise B. He denies these allegations against him. That is the whole reason this case is going to trial. For obvious reasons, this Government argument should be rejected on its face.[6]

The Government also claims that these other incidents should be excluded because they "ha[ve] no probative value" and would serve only "to confuse the issues and try to portray the Victim in a negative light," to "embarrass the victim," and – incredibly – even to "suggest that he deserved being assaulted." (*See*, *e.g.*, DE 31 at 14, 15, 17.) Nothing could be further from the mark. To the contrary, this is a criminal trial where Mr. Ocampo Martinez is accused of being the aggressor and assaulting a law enforcement officer. He has a Constitutional right to present a defense. And in a case like this, being able to question the officer about other incidents of alleged misconduct, unjustified force, or other improper actions during the course of official duties is about as quintessential a cross-examination as it gets. Moreover, as no body or dashboard camera footage of Mr. Ocampo Martinez's arrest appears to exist, other incidents involving the officer comprise arguably the ***most*** probative evidence of what happened that day. Thus, rather than its probative value being substantially outweighed by any of the improper purposes claimed by the Government, such evidence essentially flips the Rule 403 analysis 180 degrees: its probative value "substantially outweigh{s}" any unfair prejudice to the Government. *See* Fed. R. Crim. P. 403. The Court should deny this Government motion.

---

[6] The Government repeats essentially the same argument as to the other "unrelated incidents" and "unrelated case" it seeks to exclude. (*See* DE 31 at 14, 16, 17.)  It fails as to each for the same reason.

### B. **References to Facts or Subjects that Could Invoke "Sympathy"**

Finally, the Government moves to exclude "references to the Defendant's age, lack of criminal history, family circumstances, and potential penalties." (DE 31 at 17.) It argues that "[e]vidence and argument referring to the Defendant's age, lack of criminal history, family circumstances, and his relatives' lawful immigration status is irrelevant and thus is inadmissible," and "even if relevant," should be excluded under Rule 403. (*See* DE 31 at 17.) Its primary contention is that these things could invoke "sympathy" for the Defendant. (*See* DE 31 at 17-18.) Needless to say, the Government's disproportionate concern over this issue only serves to underscore how troubling this particular prosecution is.

In any event, the Government's concern is already addressed by the Eleventh Circuit Pattern Jury Instruction it references in its own motion. (*See* DE 31 at 17.) The Pattern includes a specific instruction directing the jury to base its verdict "only on the evidence here" and "not [to] be influenced in any way by either sympathy for or prejudice against the Defendant or Government." Eleventh Circuit Pattern Jury Instructions, Criminal, Basic Instruction No. 2.1 (2025). Mr. Ocampo Martinez obviously has no objection to inclusion of this basic instruction (and of course will not tell the jury to nullify the law or inform it of the specific punishment Mr. Ocampo Martinez faces if convicted). As it is to be assumed that the jury will follow the Court's instructions, the issue should be moot.[7]

---

[7] The Government also moves to exclude "references to immigration policy or charging decisions." (DE 31 at 19.) While Mr. Ocampo Martinez of course does not intend to debate the politics of national immigration policy during the trial, immigration policy and its enforcement form an inescapable backdrop to this case, including how and why Mr. Ocampo Martinez was arrested in the first place.

As to relevance, contrary to the Government's contention, many of the subjects it seeks to exclude simply could not be *more* relevant to the trial. For instance, how can the Government argue that Mr. Ocampo Martinez's age is not relevant when it asserts that he, amongst other acts of aggression, caused the alleged victim – a much younger and significantly more fit man – to "lose his balance" while "the Defendant continued to apply force" to him? (*See* DE 31 at 3.) Or that his family circumstances are "irrelevant" when they are the reason for the Application to Adjust Status document that forms the basis of the Government's fraud charge in Count One?  And when it comes to his lack of criminal history, Mr. Ocampo Martinez specifically intends to call character witnesses to testify as to his law abidingness and other pertinent traits. *See* Fed R. Evid. 404(a)(2)(A), 405.

In terms of Rule 403, the odds are already seemingly stacked against Mr. Ocampo Martinez in this trial. He should not be hamstrung by purported unfair prejudice to the Government's case due to things such as his basic biographical information. The jury should be allowed to learn the facts of this case (including who Mr. Ocampo Martinez is as a person), trusted to follow the Court's instructions, and permitted to reach the verdict it deems appropriate. The Government's motion here, like all of its other motions, should be denied.

---

Thus, a blanket pre-trial ruling precluding "any reference" to them is inappropriate and impracticable. In terms of "charging decisions," the jury will obviously understand that the Government decided to charge Mr. Ocampo Martinez, as it will see the indictment and sit through the trial.

## CONCLUSION

For the foregoing reasons, the Defendant, Luis Arnulfo Ocampo Martinez, respectfully requests that the Court deny the Government's motions *in limine*.

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

By:    */s/ Ian McDonald*
      Assistant Federal Public Defender
      Special Bar No.: A5502117
      150 West Flagler Street, Suite 1700
      Miami, Florida 33130-1556
      Tel:  305-530-7000/Fax:  305-536-4559
      E-mail: ian_mcdonald@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Ian McDonald*
Ian McDonald