UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-10034-LEIBOWITZ

UNITED STATES OF AMERICA

v.

LUIS ARNULFO OCAMPO MARTINEZ,

    **Defendant.**

_____/

<u>JURY CHARGE</u>

Members of the Jury:

    It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

    You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witness Because of Inconsistent Statement**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**Particular Investigative Techniques Not Required**

During the trial you have heard testimony of witnesses and arguments by counsel that the Government did or did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case.

Law enforcement techniques are not your concern. Your concern, as I have said, is to determine whether or not, on the evidence before you, or the lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

## Witness Preparation

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his or her testimony.

**Introduction to Offense Instructions**

The superseding indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the superseding indictment to refer to during your deliberations.

Count One charges that the Defendant made false statements to a federal agency.

Count Two charges that the Defendant assaulted, resisted, or impeded certain officers or employees.

**False Statement to a Federal Agency**
**18 U.S.C. § 1001**

It's a Federal crime to willfully make a false or fraudulent statement to a department or agency of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant made the statement as charged;

(2)    the statement was false;

(3)    the falsity concerned a material matter;

(4)    the Defendant acted willfully, knowing that the statement was false; and

(5)    the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

A statement is "false" when made if it is untrue when made and the person making it knows it is untrue. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled.

United States Citizenship and Immigration Services ("USCIS"), Department of Homeland Security, is an agency of the United States. Filing documents with that agency to produce a change in an alien's immigration status is a matter within that agency's jurisdiction.

The making of a false statement is not a crime unless the falsity relates to a "material" fact.

A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

**Assaulting a Federal Officer:**
**18 USC § 111(a)(1)**

It is a Federal crime to forcibly assault, resist, oppose, or impede a Federal officer while the officer is performing official duties.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant forcibly assaulted, resisted, opposed or impeded the person described in the indictment; and

(2) the person forcibly assaulted or resisted or opposed or impeded was a Federal officer performing an official duty.

An "forcible assault" is a willful attempt to inflict injury upon the person of another, or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

To "resist" means to exert oneself to counteract, defeat or frustrate.

To "oppose" means to resist by physical means.

To "impede" means stopping progress, obstructing, or hindering.

The Government must prove beyond a reasonable doubt that the victim was a Federal officer performing an official duty and that the Defendant forcibly assaulted, resisted, opposed, or impeded the officer. Whether the Defendant knew at the time that the victim was a Federal officer carrying out an official duty does not matter.

A Border Patrol Agent of the United States Border Patrol is a Federal officer and has the official duty to detect and question persons suspected of violating immigration and custom laws and effectuate arrests.

**Self-Defense**

Defendant asserts that the acts for which he is charged in Count 2 of the indictment were taken in self-defense against the excessive use of force by a federal officer.

An individual has the right to self-defense against use of excessive force by an officer when that excessive force causes or threatens to cause serious bodily injury to the individual. An officer may use that amount of force reasonably necessary under the circumstances to compel an individual to comply with the officer's lawful orders. Use of greater force than reasonably necessary under the circumstances is excessive and entitles the individual to use reasonable force to defend himself against such excessive force, but the individual may not use more force than is reasonably necessary to defend himself.  Remembering that the burden of proof remains at all times with the government, you must find beyond a reasonable doubt that the government has proven that the defendant did not act in self-defense against excessive force.  Therefore, if you have a reasonable doubt about whether or not the defendant acted in self-defense, your verdict on Count 2 must be not guilty.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## Knowingly; Willfully – General

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**On or About a Particular Date**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Caution: Punishment**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-10034-LEIBOWITZ

UNITED STATES OF AMERICA

v.

LUIS ARNULFO OCAMPO MARTINEZ,

    **Defendant.**
_____/

## VERDICT FORM

1. We, the Jury, unanimously find the Defendant, **LUIS ARNULFO OCAMPO MARTINEZ**, as to **Count 1** of the Indictment:

    NOT GUILTY \_\_\_\_\_        GUILTY \_\_\_\_\_

2. We, the Jury, unanimously find the Defendant, **LUIS ARNULFO OCAMPO MARTINEZ**, as to **Count 2** of the Indictment:

    NOT GUILTY \_\_\_\_\_        GUILTY \_\_\_\_\_

                                      **SO SAY WE ALL**

                                      _____

                                      **FOREPERSON OF THE JURY**

                                      **Dated:** _____

1